UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VINCENT SALINAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. COLEMAN, et. al,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00905 - JLT<br><br>ORDER REQUIRING PLAINTIFF TO RESUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 4)<br><br>ORDER DENYING MOTION TO ALLOW ACCESS<br><br>(Doc. 2) |

　　　　Plaintiff is a state prisoner proceeding pro se in an action pursuant to 42 U.S.C. § 1983. On June 4, 2012, Plaintiff filed a Motion to Order the Fresno County Sheriff to Allow Plaintiff Access to All Legal Resources. (Doc. 2). Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 4). Because the Court lacks jurisdiction to grant Plaintiff the access he seeks and because Plaintiff's application was not properly completed, Plaintiff's requests are **DENIED** at this time.

　　**A. Motion for Access**

　　Plaintiff's current action is against individuals he had contact with at Pleasant Valley State Prison. (Doc. 1). As a result, this Court does not have jurisdiction over the Fresno County Sheriff and

therefore is unable to grant Plaintiff the relief he seeks. To the extent Plaintiff only seeks confirmation that he is proceeding as his own attorney, the Court will confirm this fact.

Plaintiff is further informed that prisoners do not have a freestanding right to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are only the means of ensuring that a prisoner's fundamental right to access the courts is preserved. Id. The accessibility or adequacy of a law library is therefore of constitutional concern only when it thwarts a prisoner from exercising his right to access the courts for the purpose of seeking redress for claimed violations of fundamental constitutional rights. Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). The prisoner must demonstrate that he suffered actual injury because of deficiencies in law library access or materials, such as the inability to meet a filing deadline or to present a claim in a direct appeal, habeas petition, or a 1983 action. Lewis, 518 U.S. at 348, 355.

Because this Court lacks jurisdiction to grant Plaintiff the relief he seeks, Plaintiff's motion for access is **DENIED**.

### B. Application to Proceed In Forma Pauperis

It appears Plaintiff can likely make the showing required by 28 U.S.C. § 1915(a)(1); however, he has mistakenly completed the "certificate" portion of the application himself, rather than having it completed by the facility where he was incarcerated six months before he filed his complaint. (Doc. 4 at 2). Plaintiff has also failed to submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period before he filed his complaint in accordance with 28 U.S.C. § 1915(a)(2).

Therefore, it is HEREBY ORDERED that:

1. Plaintiff's motion to order the Fresno County Sheriff to allow him access to all legal resources is **DENIED**; however, Plaintiff's status as a pro se inmate in the civil rights matter presently before this Court is confirmed;

2. Plaintiff is **ORDERED** re-submit a completed application to proceed in forma pauperis with 30 days of service of this order (Doc. 4) or pay the filing fee. The Certificate portion of the application shall be completed by the institution(s) where he was incarcerated in the six months before he filed his June 4, 2012 complaint;

3.   Plaintiff is required to forward a certified copy of his prison trust account statement by August 6, 2012, showing transactions for the six months prior to the filing of his complaint.

IT IS SO ORDERED.

Dated:   **June 14, 2012**                             /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE