UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VINCENT SALINAS,<br><br>        Plaintiff,<br><br>    v.<br><br>COLEMAN, et al.<br><br>        Defendants. | Case No.: 1:12-cv-0905 –AWI–JLT (PC)<br><br>FINDINGS AND RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT ORDER<br><br>(Docs. 16 and 17) |

Plaintiff Matthew Vincent Salinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff advised the Court on May 3, 2013, that he wished to proceed on his cognizable claim against Defendant Green. (Doc. 13). The Court ordered Plaintiff to complete the appropriate service documents within 30 days of May 8, 2013. (Doc. 16). On June 19, 2013, the Court ordered Plaintiff to show cause on or before July 8, 2013, as to why the matter should not be dismissed for failure to comply with the Court's order. (Doc. 17). Given Plaintiff's has failed to comply with the Court's order, the Court recommends that this matter be **DISMISSED.**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

1

including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g*. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since June 4, 2012. (Doc. 1).  This case cannot be held abeyance indefinitely based on Plaintiff's failure to comply with the Court's orders. (Docs. 16 and 17).

The risk of prejudice to Defendant weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits.  Furthermore, the Court explicitly advised Plaintiff that "**his failure to comply with the Court's order, will result in a recommendation that the matter be dismissed.**" (Doc. 17) (emphasis in original).  Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's continuous disregard for the Court's mandates.  Therefore, the Court recommends that this matter be **DISMISSED.**

### FINDINGS AND RECOMMENDATIONS

Accordingly, and for the aforementioned reasons, the Court **RECOMMENDS**:

1. This matter be **DISMISSED** for failure to comply with Court's orders and for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court**.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order**. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 12, 2013**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE